Northern Trust Co. v. Knowles, 208 Ill. App. 258.

## Abstract of the Decision.

1. JUDGMENT, '§ 493*—*when record of judgment against principal admissible against surety.* A record of a judgment against the principal, a building contractor, is admissible in an action against the surety on the bond where there is no contention that any fraud was used in obtaining the judgment against the principal, or that the various items or expenses which it was claimed were expended in the completion of the building, upon default of the contractor, were not correct, or that the amount of the judgment making up these items was not correct, and constituted a prima facie case.

2. APPEAL AND ERROR, § 1411*—*when finding of jury not disturbed.* A finding of a jury based on conflicting evidence, and sustained by the trial judge, will not be disturbed on appeal.

3. JUDGMENT, § 493*—*what does not affect admissibility of against principal in action against surety.* The admissibility of a record of a judgment against the principal on a building contractor's bond, in an action against the surety on the bond, is not affected by the fact that the first action was in assumpsit and the later action was in debt.

---

## Northern Trust Company, Trustee, Appellee, v. Sidney J. Knowles, Appellant.

### Gen. No. 23,126.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed November 30, 1917.

## Statement of the Case.

Action on contract by the Northern Trust Company, as trustee of the estate of Joseph W. Wassall, deceased, plaintiff, against Sidney J. Knowles, defendant. From a judgment for plaintiff for $1,022.67, defendant appeals.

ROSCOE L. ROBERTS and ROBERTS & SWAIN, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Northern Trust Co. v. Knowles, 208 Ill. App. 258.

WILLIAM S. MILLER and FREDERICK H. BENGEL, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 62*—*when contract for sale of business of dentist construed as providing for payment of percentage of accounts of purchaser collected after expiration of period.* Where a contract for the sale of the good-will, fixtures, leasehold, etc., pertaining to the professional practice of a deceased dentist provides that the purchaser will pay "from time to time as same shall be received, one-quarter of the total receipts received by him from his professional practice for a period beginning on the 4th day of October, 1910, and ending on the 4th day of October, 1914," the amount payable by the purchaser is not limited to one-quarter of the receipts collected between the dates named but also includes collections made after the last-named date for work done between those dates, especially where such construction was placed upon the same provision in a previous contract between the same parties for a lease of the office, etc., to the purchaser.

2. APPEAL AND ERROR, § 1258*—*when defendant cannot claim error in direction of verdict for defendant.* In an action on a contract of sale to recover one-quarter of the amount collected by defendant in practicing his profession, a verdict directed for plaintiff for the amount which defendant testified he had collected, less the maximum amount for which defendant claimed he was entitled to credit, will not be set aside on the ground that the evidence was insufficient to establish the specific amount to which plaintiff was entitled.

3. ACCORD AND SATISFACTION, § 4*—*when disputed account ·is satisfied by retention of check.* If a check is offered in payment of a disputed account, the creditor must either reject it or accept it on the proffered terms, and the demand is satisfied if he accepts, even though the creditor protests at the time that it is not all that is due, or that he does not accept it in full satisfaction of his claim.

4. ACCORD AND SATISFACTION, § 4*—*what does not constitute.* Where a contract between the seller and the purchaser of a dentist's practice provides that the latter shall pay for a certain period, one-quarter of the total receipts from the practice from time to time as the same shall be received, the fact that the purchaser ·in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

making monthly remittances states that the check is in full for the month mentioned, and in his letter inclosing a check, covering the last two months for which the contract ran, states that the check is for those months, "the balance due from me to you," and that thereafter the seller executes and delivers to the purchaser a bill of sale in accordance with the contract, wherein it acknowledges the receipt of the consideration provided for in the contract, does not constitute an accord and satisfaction, where in the letter inclosing the bill of sale the seller states that in a day or two its attorney will bring to test its right to share in collections made by the purchaser after the expiration of the contract and collections which he may thereafter make.

TAYLOR, J., took no part in the decision of this case.

---

## Mark L. Riley, Appellant, v. City of Chicago, Appellee.

### Gen. No. 23,144. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed November 30, 1917.

### Statement of the Case.

Action by Mark L. Riley, plaintiff, against the City of Chicago, defendant, to recover for personal injuries. From a verdict and judgment in his favor for $50, plaintiff appeals.

MORSE IVES, for appellant.

SAMUEL A. ETTELSON and CHARLES R. FRANCIS, for appellee; ROBERT H. FARRELL, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.